Elisabeth R. Blattner-Thompson, Esq. (#05257)
Jason D. Boren, Esq. (#7816)
Jackie Bosshardt, Esq. (#14139)
BALLARD SPAHR LLP
201 S. Main Street, Suite 800
Salt Lake City, Utah 84111-2221
Telephone:  (801) 531-3000
Facsimile:  (801) 531-3001
blattnerthompsone@ballardspahr.com
borenj@ballardspahr.com
bosshardtj@ballardspahr.com

*Attorneys for Defendant Fidelity Brokerage Services LLC*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **ZACHARY R.E. RUSK,**<br><br>       **Plaintiffs,**<br><br>**v.**<br><br>**FIDELITY BROKERAGE SERVICES LLC,**<br><br>       **Defendants.** | **EX PARTE MOTION TO LIMIT PLAINTIFF'S EMAILS AND PROHIBIT HARASSMENT**<br><br>**Case No.:  2:15-CV-00853-JNP**<br><br>**Judge Jill N. Parrish**<br><br>**Magistrate Brooke C. Wells** |

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Local Rule DUCivR 7-1,

Counsel for Defendant Fidelity Brokerage Services, LLC respectfully requests that the Court

enter an order prohibiting Plaintiff Zachary R.E. Rusk ("Plaintiff") from emailing, calling,

faxing, or otherwise contacting counsel for Defendant more than three times per day, that all

communications must be limited to matters at issue in the case, and that Plaintiff cease and desist

from sending communications containing threats or veiled threats against Defense Counsel and their families.  This motion is captioned as Ex Parte to aid a speedy resolution.

From the outset of this case, Plaintiff has sent Defense counsel hundreds of emails.  In most instances, Defense Counsel's communications to Plaintiff have been limited to: responding to settlement demands/offers, requesting that Plaintiff find an attorney and limit communications, recommending that Plaintiff get medical help when Plaintiff threatened "to disappear", and instructing Plaintiff to stop sending veiled threats aimed at Defense Counsel and his family.  At various times Plaintiff has copied an email from Defense Counsel and pasted the text into a new email with various words changed to make it appear that Defense Counsel sent an email or wrote something other than what was actually sent.  See Declaration of Jason Boren at ¶¶ 2-9, attached as Exhibit 1.

Despite the request to stop sending emails, Plaintiff's daily, harassing emails continue to increase.  On Saturday, April 9th, Plaintiff sent 65 emails to Jason Boren; on April 10th, Plaintiff sent Mr. Boren 31 emails.  Plaintiff also sent dozens of emails each day to the other counsel for Defendant.  This constant barrage of emails is harassing, impossible to respond to, and completely unnecessary to the prosecution of this case.  *Id.* at ¶¶ 10-13.  Defense Counsel respectfully requests that the Court enter an order prohibiting Plaintiff from emailing, calling, faxing, or otherwise contacting counsel for Defendant more than three times per day, requiring that the communications be limited to matters at issue in the case, and prohibiting Plaintiff from sending communications containing threats or veiled threats against Defense Counsel and their families.

This motion is filed ex parte because every time counsel has communicated with Mr. Rusk, it only increases the communications.  Moreover, Counsel is concerned about the threats made by Plaintiff.

DATED this 11th day of April, 2016.


/s/ Jason D. Boren
Elisabeth R. Blattner-Thompson, Esq.
Jason D. Boren, Esq.
Jackie Bosshardt, Esq.
BALLARD SPAHR LLP
*Attorneys for Defendant Fidelity Brokerage Services LLC*