# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ZACHARY R. E. RUSK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FIDELITY BROKERAGE SERVICES, LLC,<br><br>　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:15-cv-00853-JNP-PMW<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court permitted Plaintiff Zachary R. E. Rusk ("Plaintiff") to proceed *in forma pauperis* under 28 U.S.C. § 1915.[2] The matter was previously referred to Magistrate Judge Brooke C. Wells.[3] Having reviewed the status of the case, the court enters this order regarding matters and motions pending before the court.

## Contact with Court Personnel

Judge Wells previously imposed restrictions on Plaintiff's ability to communicate with opposing counsel due to Plaintiff's pattern of excessive and abusive communications.[4] Plaintiff has engaged in a similar pattern of excessive and abusive communications with court personnel, including hundreds of emails and calls to the clerk's office. For example, Plaintiff sent

---

[1] Docket nos. 9 & 42.

[2] Docket no. 3.

[3] Docket no. 9.

[4] Docket no. 36.

approximately 60 emails to the clerk's office personnel in April, and approximately 80 emails in May. On multiple occasions, he sent 10 or more emails in a single day. More than 25% of the emails during the period discussed had attachments, and approximately half of the attachments were in excess of 1 megabyte. Several files were so large that they overwhelmed the clerk's office intake box. Plaintiff also routinely calls or visits the clerk's office for improper purposes. Plaintiff's emails, calls, and emails waste important court resources and are not proper.

Accordingly, the court **ORDERS** as follows:

**<u>Plaintiff is prohibited from communicating with court personnel via telephone, email, or facsimile. Court personnel are directed not to communicate with Plaintiff electronically, and to report any attempts at electronic communications by Plaintiff to the court. Plaintiff may communicate with personnel in the clerk's office in-person and solely for the purpose of filing a document. This restriction applies to Plaintiff for any pending or future action involving Plaintiff. Violation of this order may result in the imposition of filing restrictions and/or sanctions.</u>**

A copy of this order shall be provided to the relevant personnel in the clerk's office, court security officers, and the U.S. Marshals Service.

### Prohibition on Contact with Represented Parties

Defendant Fidelity Brokerage Services, LLC ("Defendant") filed a motion for an order prohibiting Plaintiff from contacting Defendant or its agents.[5] The motion is **GRANTED**. Plaintiff, even though he is *pro se*, is required to know and comply with the rules and procedures of the court. *See* DUCivR 83-1.1(f). Plaintiff may not have any direct contact with a represented

---

[5] Docket no. 41.

party or witness.  Plaintiff may only contact Defendant, its officers, managers, employees, or agents through Defendant's counsel.  Defendant's counsel is directed to report any further such violation to the court.  Any violation or attempted violation of this order may result in sanctions.

### Appointment of Counsel

Judge Wells previously granted in part Plaintiff's motion to appoint counsel.[6]  The limited-engagement appointed was solely to advise Plaintiff as to whether he had a cognizable claim and to review then-pending motions.[7]  Court personnel exerted herculean effort to find counsel willing and able to undertake this limited representation.  Due in large part to Plaintiff's own actions, the court has been unable to find any counsel willing to represent Plaintiff, even in the limited role envisioned by Judge Wells.

Accordingly, this court now reconsiders Plaintiff's motion to appoint counsel.  "The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).  Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (*per curiam*), the court may appoint an attorney to represent a litigant who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1).  When deciding whether to appoint counsel, the court considers certain factors "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).  The court considers these factors below.

---

[6] Docket no. 19.

[7] *Id.*

First, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985))*. Plaintiff fails to meet that burden here. Second, there is no indication that Plaintiff is incapacitated or unable to pursue or present this case adequately. Finally, the court finds that the issues raised by Plaintiff's complaint do not appear complicated or difficult to explain.

For the foregoing reasons, Plaintiff's motion for appointment of counsel is **DENIED** at this time. The order restricting further filing by Plaintiff in this matter pending appointment of counsel is hereby **VACATED**.[8]

### Status Conference

The status conference set for June 16, 2016 is hereby **VACATED**.

### Further Briefing on Motion to Dismiss

Defendant filed a motion to dismiss on January 12, 2016.[9] Plaintiff filed an opposition on February 26, 2016.[10] Given the court's determination regarding the appointment of counsel and out of an abundance of caution, the court hereby **ORDERS** as follows:

**Plaintiff shall have up to and including June 17, 2016 to file any additional briefing in opposition to the motion to dismiss. Defendant shall file any additional reply on or before June 24, 2016.**

---

[8] Docket no. 33.

[9] Docket no. 14.

[10] Docket no. 29.

### Sealing of Exhibits

Plaintiff made numerous motions to seal documents that he filed. The documents are typically dozens or hundreds of pages of sundry materials that are irrelevant to any motion pending before the court. These documents often contain private or sensitive information of others and are in violation of the court's policies and procedures. *See, e.g.,* Fed. R. Civ. P. 5.2; DUCivR 5.2-1. The court is deeply troubled that Plaintiff often appears to redact or excerpt his own personal information and communications, but does not do so for others.

Out of an abundance of caution for the privacy interests of individuals named in the filings and consistent with the rules and policies of the court, the court hereby **ORDERS** all exhibits[11] filed by Plaintiff in this action to be **SEALED**. If required, Plaintiff or others may move for specific exhibits or portions of exhibits to be unsealed. Plaintiff's motions to seal are hereby **DENIED** as moot.[12]

Plaintiff is warned that failure to comply with the Federal Rules of Civil Procedure, the local rules, or court orders, or continuing to engage in harassing or other inappropriate conduct may result in filing restrictions and/or sanctions, including terminating sanctions.

**IT IS SO ORDERED.**

DATED this 31st day of May, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[11] Docket nos. 10-1, 10-2, 11-1, 12-1, 13-1, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, and 32.

[12] Docket nos. 6, 10, 11, 12, and 13.