IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZACHARY R. E. RUSK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FIDELITY BROKERAGE SERVICES,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL & MOTION FOR ORDER REQUIRING DEFENDANT TO MAINTAIN EVIDENCE (ECF NO. 75)**<br><br>Case No. 2:15-cv-00853-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Zachary R. E. Rusk moves the Court[1] to appoint counsel and to order Defendant Fidelity Brokerage Services (Fidelity) to maintain evidence. (Mot. (2 part) (Mot.), ECF No. 75.) For the following reasons, the Court denies Mr. Rusk's motions.

**Motion to Appoint Counsel**

This Motion constitutes Mr. Rusk's second motion to appoint counsel. On January 26, 2016, Judge Wells granted in part Mr. Rusk's first motion to appoint counsel. (ECF No. 19.) In her Order, Judge Wells agreed to appoint counsel "for the limited purpose of consulting with Plaintiff and assisting Plaintiff in determining whether he has a cognizable claim." (ECF No. 19.) However, on May 31, 2016, Judge Warner reconsidered Mr. Rusk's motion to appoint

---

[1] Magistrate Judge Paul Warner referred this case to the undersigned Magistrate Judge following his recusal. (ECF No. 77.)

counsel because, "the court has been unable to find any counsel willing to represent Plaintiff, even in the limited role envisioned by Judge Wells." (Mem. Dec. & Order 3, ECF No. 44.) Judge Warner considered three factors before denying Mr. Rusk's motion to appoint counsel. (*Id.*) First, Mr. Rusk failed to show that his claim has sufficient merit to warrant appointment of counsel. (*Id.* at 4.) Second, Mr. Rusk provided no indication that he lacks the capacity or otherwise cannot pursue his case. (*Id.*) And third, the issues raised by Mr. Rusk's Complaint do not appear complicated or difficult to explain. (*Id.*) Accordingly, Judge Warner denied Mr. Rusk's first motion to appoint counsel.

Mr. Rusk once again asks this Court to appoint counsel. However, this Court finds the circumstances of Mr. Rusk's case have not changed since Judge Warner issued his Order denying Mr. Rusk's motion to appoint counsel. Therefore, the Court DENIES Mr. Rusk's motion to appoint counsel.

**Motion to Order Defendant to Maintain Evidence**

Mr. Rusk "seeks an order to require the defendant and its constituents, corroborators and colluders in this case to maintain any and all evidence." (Mot. 2, ECF No. 75.) "A party's duty to preserve evidence arises when the party 'knew, or should have known, that litigation was imminent.'" *Brigham Young Univ. v. Pfizer, Inc.*, 282 F.R.D. 566, 571 (D. Utah 2012) (*quoting Turner v. Pub. Serv. Co.*, 563 F.3d 1136, 1149 (10th Cir. 2009)). A failure to preserve evidence can result in sanctions. *See* Fed. R. Civ. P. 37(e).

Fidelity's duty to preserve evidence relevant to this matter arose either when it knew or should have known that litigation was imminent and no later than when the Clerk filed Mr. Rusk's Complaint on December 15, 2015. (ECF No. 4.) Mr. Rusk does not provide this Court

2

with any evidence that Fidelity has violated its duty. Therefore, the Court DENIES Mr. Rusk's Motion to order Fidelity to maintain evidence as unnecessary.

DATED this 24th day of April, 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge