IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| ZACHARY RUSK, | |
|---|---|
| Plaintiff, | **ORDER ADOPTING IN PART REPORT AND RECOMMENDATION** |
| v. | |
| FIDELITY BROKERAGE SERVICES, LLC, | Case No. 2:15-cv-00853-JNP |
| Defendant. | Judge Jill N. Parrish |

Zachary Rusk, acting *pro se*, sued Fidelity Brokerage Services, LLC for (1) violations of the Americans with Disabilities Act (ADA), (2) violations of the Rehabilitation Act of 1973, (3) religious discrimination under Title VII, (4) retaliation for engaging in a protected activity, and (5) defamation. In response, Fidelity filed three motions: a motion to dismiss Rusk's Second Amended Complaint [Docket 117], a motion for summary judgment [Docket 126], and a motion to quash Rusk's subpoena [Docket 116]. Rusk also filed a motion for expedited consideration [Docket 144] and an ex parte motion to allow communication with Fidelity [Docket 146].

Magistrate Judge Pead issued a Report and Recommendation for the five pending motions. [Docket 151]. Judge Pead recommended that this court deny Fidelity's motion for summary judgment and that the court grant Fidelity's motion to dismiss Rusk's claims with prejudice. Judge Pead further recommended that the court find that the remaining motions are moot.

Rusk retained an attorney to respond to the Report and Recommendation. Through counsel, Rusk objected in part to the recommendation that his claims be dismissed with prejudice. [Docket 156]. Rusk conceded that he has not pleaded facts to support his claim under

the Rehabilitation Act of 1973. But he argued that his Second Amended Complaint complies with the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure and that he pleaded sufficient facts to state claims for violations of the ADA, religious discrimination under Title VII, retaliation for engaging in a protected activity, and defamation.

Fidelity did not object to the Report and Recommendation. Instead, it filed a response to Rusk's objection, moving to strike the objection as over-length and arguing that Rusk waived all of the arguments in his objection because he did not present them to Judge Pead. [Docket 157]. Rusk then filed a motion to strike Fidelity's response because it requests affirmative relief but was not filed as a separate motion. [Docket 159].

Because Rusk filed an objection to the Report and Recommendation, the court "must determine de novo" whether his objections have merit. *See* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). To the extent that any portion of the Report and Recommendation has not been objected to, the parties have waived any argument that Judge Pead's recommendations were in error. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

I. **MOTION TO STRIKE**

As a preliminary matter, Rusk moves to strike Fidelity's response to his objection to the Report and Recommendation. Rusk argues that the response should be stricken because it incorporates a motion to strike the objection as over-length in violation of DUCivR 7-1(b)(1)(A), which provides: "No motion . . . may be included in a response or reply memorandum."

The court agrees that Fidelity's response violates this local rule and disregards the request for affirmative relief contained in the response. But DUCivR 7-1(b)(1)(A) does not suggest that the appropriate remedy for a violation of the rule is to strike portions of the response or reply memorandum, much less the memorandum in its entirety. The court, therefore, denies Rusk's motion to strike.

**II.    MOTION TO DISMISS**

Judge Pead recommended that Rusk's Second Amended Complaint be dismissed with prejudice for two main reasons. First, Judge Pead concluded that Rusk's complaint does not comply with Rule 8(a)(2). Second, Judge Pead concluded that Rusk failed to plead sufficient facts to state a claim for any of his causes of action.

*A.        Rule 8(a)(2)*

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). In order to comply with Rule 8(a)(2),

> a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated. . . . [T]hese are, very basically put, the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Mann*, 477 F.3d at 1148 (citation omitted).

If a complaint does not comply with Rule 8(a)(2), a court may dismiss it pursuant to Rule 41(b) for a failure "to comply with [the Federal Rules of Civil Procedure]." Dismissal with prejudice under Rule 41(b) is a harsh penalty. *Nasious*, 492 F.3d at 1162. Before resorting to such a punishment, a district court must consider "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (citation omitted).

The Report and Recommendation states that Rusk's 24-page single-spaced Second Amended Complaint does not comply with the "short and plain statement" requirement of Rule 8(a)(2). The complaint contains approximately nineteen pages of unorganized factual allegations followed by about four pages of threadbare legal claims. Without any attempt to connect the factual claims—many of which appear to be irrelevant—to the legal claims, Fidelity and the court are left to wonder about the precise nature of Rusk's claims. The court is mindful that because Rusk was a *pro se* litigant when he composed the Second Amended Complaint, it must be construed liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But the court cannot assume the role of an advocate by combing through a lengthy complaint to construct the factual basis for Rusk's claims for him. *See id.* ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."); *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 372 (10th Cir. 1989) (a court is not "obligated to construct a cause of action from allegations in a complaint filed by a party who was unwilling or unable to plead the cause of action himself"); *Chavez v. Huerfano City.*, 195 F. App'x 728, 730 (10th Cir. 2006) (unpublished) ("It is not the role of the

court to sort through a lengthy complaint to construct the plaintiff's case."). This court, therefore, agrees with Judge Pead that the Second Amended Complaint does not comply with Rule 8(a)(2) because it fails to give notice of the basis for Rusk's claims.

After considering the five mandatory factors, Judge Pead recommended that this court dismiss the Second Amended Complaint with prejudice as a sanction under Rule 41(b). He reasoned that this harsh sanction was appropriate because Rusk had been given two previous opportunities to amend his complaint but was still unable to comply with Rule 8(a)(2). But after Judge Pead issued his Report and Recommendation, an important event transpired that affects the five-factor test: Rusk retained an attorney. Moreover, in the objection to the Report and Recommendation, Rusk's attorney effectively organized the disparate factual allegations in the complaint into categories associated with the claims alleged in the Second Amended Compliant. This new development affects the fifth consideration of whether a lesser sanction would be effective. It appears that, with the aid of an attorney, a lesser sanction of dismissal without prejudice may be effective in bringing about compliance with Rule 8(a)(2).

In sum, the court concludes that the Second Amended Complaint does not comply with Rule 8(a)(2). But taking into account the five factors the court must consider before dismissing a complaint with prejudice, the court concludes that the lesser sanction of dismissal without prejudice is a more appropriate sanction.

B. *Rule 12(b)(6)*

Judge Pead also recommended that the Second Amended Complaint be dismissed with prejudice under Rule 12(b)(6) for a failure to state a claim. The court addressees each claim separately.

1. The Waiver Rule

Fidelity argues that the court should disregard Rusk's objections to Judge Pead's recommendations regarding dismissal of the Second Amended Complaint for failure to state a claim because Rusk presents new arguments to this court. "In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *accord Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The court rejects Fidelity's waiver argument. Although Rusk, with the benefit of counsel, mounts a much more robust defense of the Second Amended Complaint in the objection than he did before Judge Pead, the objection does not raise new issues. The issue before Judge Pead was whether the allegations of the complaint were sufficient to state any of the five causes of action asserted. Although Rusk cites new caselaw and marshals the allegations of the complaint more effectively in the objection, he does not raise new issues or theories. The court, therefore, reaches the merits of Rusk's objections to the Report and Recommendation.

2. ADA Claim

In order to prevail on his ADA claim, Rusk must prove that he "(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1308 (10th Cir. 2017) (citation omitted). A person is disabled within the meaning of the ADA if "a physical or mental impairment . . . substantially limits one or more major life activities" of the

person. 42 U.S.C. § 12102(1)(A). Thus, Rusk must ultimately identify one or more major life activities and show that he has a condition that substantially limits the activity or activities.

The Report and Recommendation stated that Rusk failed to state a claim for violations of the ADA because he did not identify any life activities substantially limited by his claimed impairments. Rusk objected, arguing that a plaintiff need not specify the impairment of specific life activities at the pleading stage.

The court agrees with Rusk. The Tenth Circuit has held that "a plaintiff must articulate with precision the impairment alleged and the major life activity affected by that impairment." *Poindexter v. Atchison, Topeka & Santa Fe Ry. Co.*, 168 F.3d 1228, 1232 (10th Cir. 1999). But that court also clarified that "[t]his holding does not in any way change the federal notice pleading requirements. A plaintiff has the option of clarifying his or her position at the pleading stage or waiting until trial to prove with particularity the impairment and major life activity he or she asserts are at issue." *Id.* Thus the Tenth Circuit aligns with other circuits that do not require a plaintiff to identify the specific life activity affected by an impairment at the pleading stage. *See Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 117 n.2 (3d Cir. 1998) ("[Plaintiff] in his complaint states that his disability is 'a disorder recognized as a disability under the' ADA . . . . We find this allegation, which we must accept as true, sufficient to meet the notice pleading requirements of Fed. R. Civ. P. 8 with respect to his disability." (citation omitted)); *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001) ("We hold that so long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading.").

Rusk pleaded a number of impairments, including Tourette syndrome, ADD, Asperger's mild form autism spectrum, Scoliosis, T1-T12 Harrington rod fusion, Dyspraxia, and sleep

apnea. These allegations are sufficient to state a claim that that he is a disabled person as defined by the ADA.

3. Rehabilitation Act Claim

Rusk concedes that he has not pleaded facts sufficient to support a claim under the Rehabilitation Act of 1973. The court, therefore, adopts Judge Pead's recommendation that this claim be dismissed with prejudice.

4. Religious Discrimination Claim

Rusk alleges that he was discriminated against because he did not share the Mormon religious views of his supervisors.[1] In order to plead a prima facie case under this theory, a plaintiff must allege "(1) that he was subjected to some adverse employment action; (2) that, at the time the employment action was taken, the employee's job performance was satisfactory; and (3) some additional evidence to support the inference that the employment actions were taken because of a discriminatory motive based upon the employee's failure to hold or follow his or her employer's religious beliefs." *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1038 (10th Cir. 1993) (footnote omitted).

First, Judge Pead recommended that this claim be dismissed because Rusk did not allege his own religious beliefs or how his religious beliefs differ from his supervisors. Construing the complaint liberally and drawing all reasonable inferences in favor of Rusk, however, it is clear

---

[1] In his objection to the Report and Recommendation, Rusk attempts to recast his Title VII claim as a cause of action for a failure to accommodate his religious beliefs by denying his request to have Sundays off. *See Pinsker v. Joint Dist. No. 28J of Adams & Arapahoe Ctys*., 735 F.2d 388, 390 (10th Cir. 1984) (holding that employers violate Title VII if they do "not to make reasonable accommodations, short of undue hardship, for the religious practices of employees"). But Rusk pleaded a discrimination claim, not a failure to accommodate cause of action. Rusk may add or substitute a failure to accommodate cause of action in an amended complaint if he wishes to do so.

8

from the complaint that whatever his religious views are, they differ from Mormon religious beliefs. *See Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984) ("All reasonable inferences must be indulged in favor of the plaintiff, and the pleadings must be liberally construed." (citation omitted)). All that is required to plead a prima facie case is that Rusk did not "hold or follow his . . . employer's [or supervisor's] religious beliefs." *Shapolia*, 992 F.2d at 1038. Consequently, Rusk has alleged sufficient facts to plausibly show that his beliefs differed from his supervisors' religious beliefs.

Second, Judge Pead found that Rusk did not identify an adverse employment action. The court agrees. Although Rusk alleges that he was terminated, he does not claim that he was terminated because he did not share his supervisors' religious beliefs. Nor did Rusk identify any other adverse employment action that he suffered because of his supervisors' prejudice.

Third, Judge Pead concluded that Rusk had not alleged sufficient facts to support an inference of discriminatory motive. Judge Pead reasoned that the mere fact that Rusk's supervisor asked him whether he was Mormon is not sufficient to suggest a discriminatory motive. The court would agree that if this allegation were the only indicia of discriminatory motive, it would be insufficient to state a claim for religious discrimination. *See id.* at 1039 (the fact that a Mormon supervisor reviewed another Mormon supervisor's performance appraisal of a non-Mormon employee was insufficient to raise an inference of discrimination); *see also DeFreitas v. Horizon Inv. Mgmt. Corp.*, 577 F.3d 1151, 1163–64 (10th Cir. 2009). But Rusk alleges other evidence to support an inference of discriminatory motive. He alleges that his performance reviews declined after he revealed that he did not espouse Mormon beliefs. Furthermore, Rusk alleges that he was required to work on Sundays while other Mormon co-workers were given Sundays off. *See E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct.

9

2028, 2039 (2015) (Thomas, J., concurring in part and dissenting in part) ("If an employer declines to accommodate a particular religious practice, yet accommodates a similar secular (or other denominational) practice, then that may be proof that he has 'treated a particular person less favorably than others because of [a religious practice].'" (alteration in original) (citation omitted)). Finally, Rusk alleged that he was treated differently than his Mormon co-workers in terms of medical leave and transportation requests. These allegations are sufficient to support an inference of a discriminatory motive.

In summary, the court agrees that Rusk failed to clearly identify an adverse employment action caused by his supervisors' religious discrimination. For this reason, dismissal of his Title VII claim is warranted. The court must therefore determine whether to dismiss the claim with or without prejudice.

"The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted). Because Rusk may be able to plead facts linking his termination to religious prejudice, amendment may not be futile. Thus, the court dismisses Rusk's religious discrimination claim without prejudice.

5. Retaliation Claim

Next, Rusk alleged that Fidelity retaliated against him for engaging in a protected activity. To plead a retaliation claim, Rusk must allege facts that show "(1) he engaged in protected opposition to discrimination; (2) [his employer] took an adverse employment action

against him; and (3) a causal connection exists between the protected activity and the adverse action." *Fischer v. Forestwood Co.*, 525 F.3d 972, 979 (10th Cir. 2008) (emphasis omitted).

Rusk alleged that soon after Fidelity learned that he had engaged in a protected activity by filing a complaint with the EEOC, his supervisors placed a written warning in his employment file. Reasoning that Fidelity's written warning against Rusk did not amount to an adverse action, Judge Pead concluded that Rusk had failed to allege facts to establish that Fidelity took an adverse employment action against Rusk. But Rusk also alleged that around the time that Fidelity learned of the EEOC complaint, his managers required him to obtain a particular score on a metric intended to measure Rusks job performance called the CEI score. Rusk further alleged that the score he was required to achieve was impossible to obtain and that he was terminated a few month later. It is possible to infer from these allegations that Fidelity set Rusk up to fail because of his EEOC complaint and that his termination a few months later was a result of the complaint. *Cf. Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 749 (10th Cir. 1999) (temporal proximity between request for an accommodation for a disability and declining performance evaluations and disciplinary actions followed by a worker's termination created an inference of discriminatory intent). Rusk, therefore, successfully stated a claim for retaliation.

6. Defamation Claim

Finally, Rusk alleged that Fidelity defamed him by writing that he had been fired for unprofessional communications with co-workers on his termination form, which was published to other potential employers. "To state a claim for defamation, [a plaintiff] must show that [the defendant] published the statements concerning him [or her], that the statements were false, defamatory, and not subject to any privilege, that the statements were published with the requisite degree of fault, and that their publication resulted in damage." *West v. Thomson*

*Newspapers*, 872 P.2d 999, 1007–08 (Utah 1994) (footnotes omitted). Because Rusk is not a public figure, the requisite degree of fault is negligence. *See Seegmiller v. KSL, Inc.*, 626 P.2d 968, 973 (Utah 1981).

Judge Pead concluded that Rusk failed to state a claim for defamation because he merely alleged that "the defamatory statements were published with the requisite degree of fault." Judge Pead stated that the defamation claim should be dismissed because Rusk did not specifically allege that Fidelity negligently failed to investigate the truth of its statement on the termination form.

But Rusk need not recite the elements of defamation (e.g., negligence) to state a claim. Instead, he must plead facts that permit an inference that Fidelity was at least negligent as to the truth of its statements on the termination form. Rusk alleged that Fidelity's true motivation for firing him was his repeated requests for accommodations for his disabilities and that the stated reason of unprofessional communications was merely a pretext. Assuming that these facts are true, Fidelity intentionally falsified statements on Rusk's termination form to cover its tracks. Thus, Rusk alleged facts that show that Fidelity published the statements with the requisite degree of fault. He therefore successfully stated a claim for defamation.

### III. MOTION FOR SUMMARY JUDGMENT

Fidelity moved for summary judgment, arguing that Rusk had assigned his claims against Fidelity to a third party. Rusk subsequently produced information that he had repurchased his claims. Judge Pead, therefore, recommended that the motion for summary judgment be denied. Fidelity has not objected to this recommendation. The court, therefore, adopts Judge Pead's recommendation and denies Fidelity's motion for summary judgment.

### IV. MOTION TO QUASH, MOTION TO EXPEDITE, AND MOTION TO ALLOW COMMUNICATION

Judge Pead recommended that Rusk's Second Amended Complaint be dismissed with prejudice. He therefore recommended that the remaining motions—Fidelity's motion to quash and Rusk's motions for expedited consideration and to allow communications with Fidelity—be denied as moot. But because the court dismisses Rusk's complaint without prejudice, these motions will not be moot if Rusk choses to file an amended complaint. The court will rule on these motions in separate orders if necessary.

### CONCLUSION AND ORDER

As explained above, the court ADOPTS IN PART the Report and Recommendation and ORDERS as follows:

(1) The court GRANTS IN PART AND DENIES IN PART Fidelity's motion to dismiss. The court DISMISSES WITHOUT PREJUDICE the Second Amended Complaint for a failure to comply with Rule 8(a)(2). The court further DISMISSES WITHOUT PREJUDICE the religious discrimination claim under Rule 12(b)(6). The court DISMISSES WITH PREJUDICE the Rehabilitation Act claim under Rule 12(b)(6). [Docket 117].

(2) The court DENIES Fidelity's motion for summary judgment. [Docket 126].

(3) The court DENIES Rusk's motion to strike. [Docket 159].

(4) The court grants leave to file an amended complaint by April 20, 2018. If Rusk does not file an amended complaint by this deadline, the court shall direct the clerk of court to close this case.

**SO ORDERED** March 29, 2018.

BY THE COURT:

JILL N. PARRISH
United States District Judge