IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| ZACHARY RUSK,  Plaintiff,  v.  FIDELITY BROKERAGE SERVICES, LLC,  Defendant. | **ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS**  Case No. 2:15-cv-00853-JNP  Judge Jill N. Parrish |
|---|---|

Before the court is defendant Fidelity Brokerage Services' motion to dismiss the first, second, and third claims and to limit the scope of the fourth and fifth claims of the Third Amended Complaint. [Docket 166.] Fidelity argues that plaintiff Zachary Rusk's claims should be dismissed or limited because he did not exhaust his administrative remedies before filing this lawsuit. The court DENIES IN PART AND GRANTS IN PART Fidelity's motion.

## BACKGROUND

Rusk sued Fidelity, alleging that it discriminated against him on the basis of his religion and disability. Rusk also alleges that Fidelity unlawfully retaliated against him by terminating his employment. Before filing this lawsuit, Rusk filed two charges of discrimination with the United States Equal Employment Opportunity Commission (EEOC). Rusk filed the first charge of discrimination (the First Charging Order) against Fidelity with the EEOC on April 7, 2015. Rusk indicated that the discrimination was based on "religion" and "disability" by checking the corresponding boxes on the First Charging Order and provided the following statement:

> In or around April 2013, I was hired as a Financial Representative. I am a qualified individual with disabilities. From the time of my hire, my performance has been satisfactory. From the time that I put my employer on notice of disabilities, although

> I have received accommodation, they have been slow in granting them. In addition, although I am well qualified, I have not been selected for certain positions, including but not limited to; Health Savings Account Representative and Self Directed Brokerage role. The deciding officials are both Mormon. I have reason to believe that Mormon applicants are preferred and selected over non-Mormon applicants.
> I believe that I have been discriminated against based on my disabilities and religion (non-Mormon), in violation of the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended.

Fidelity terminated Rusk's employment on April 23, 2015. Rusk filed a second charge of discrimination against Fidelity (the Second Charging Order) with the EEOC on June 2, 2015. Rusk indicated that this charge of discrimination was based on "religion" and "retaliation" by checking the corresponding boxes, and stated as follows:

> Since my transfer to the above location, I requested but was never granted the reasonable accommodation of Sunday mornings off for my sincerely held religious beliefs whereas my Mormon co-workers were granted time off for their sincerely held religious beliefs. On or about April 2, 2015, I was issued a written warning. On or about April 23, 2015, I was discharged from my position of Financial Representative-Full Trader.
> I was advised I would not be given Sunday mornings off due to business necessity. On or about April 23, 2015, I was advised I was discharged for violating policy.
> I believe I have been retaliated against for having filed a previous EEOC charge (540-2015-01128) in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990, both as amended. I also believe I have been discriminated against due to my religion, Lutheran, in violation of Title VII of the Civil Rights Act of 1964, as amended.

On November 23, 2015, the EEOC sent Rusk two Dismissal and Notice of Rights letters which notified him that the EEOC was closing its files on Rusk's charges of discrimination. The letters stated that based on its investigation, the EEOC was unable to conclude that information obtained established violations of statute. The letters also informed Rusk of his right to sue.

## ANALYSIS

Fidelity brought this motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the court lacked subject matter jurisdiction because Rusk failed to exhaust his

administrative remedies. The Tenth Circuit, however, recently overruled long-standing precedent and held that the exhaustion of administrative remedies is no longer a jurisdictional requirement. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018) ("[A] plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim."). The court, therefore, treats Fidelity's motion as being a motion to dismiss for a failure "to state a claim upon which relief can be granted" under Rule 12(b)(6). The question before the court under Rule 12(b)(6) is whether the two EEOC charges establish that Fidelity is entitled to an affirmative defense that Rusk failed to exhaust his administrative remedies.

There are two steps to determine whether Rusk exhausted his administrative remedies. "'[T]he first step . . . is the filing of a charge of discrimination with the EEOC,' and the second step 'is to determine the scope of the allegations raised in the EEOC charge.'" *Andrews v. GEO Grp., Inc.*, 288 F. App'x 514, 517 (10th Cir. 2008) (second alteration in original) (citation omitted). Fidelity does not contest that Rusk fulfilled the first requirement by filing charges of discrimination with the EEOC.

The second step requires the court to determine the scope of the allegations raised in Rusk's EEOC charge because "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (alteration in original) (citation omitted). The EEOC "charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." *Id.* However, the Tenth Circuit "liberally construe[s] charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." *Id.*; *see also Gad v. Kansas State Univ.*, 787 F.3d 1032,

1038 (10th Cir. 2015) ("our conclusion follows the principle disfavoring interpretations that might lead to inadvertent forfeiture of Title VII rights by the non-lawyers initiating Title VII processes"); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1103 (9th Cir. 2002) ("[C]omplainants filing discrimination charges are acting as laypersons and should not be held to the higher standard of legal pleading by which we would review a civil complaint.").

In this case, Fidelity argues that Rusk's first, second, and third claims should be dismissed in their entirety because the allegations of two EEOC charges did not notify the EEOC that it needed to investigate these causes of action. Fidelity also argues that Rusk's fourth and fifth claims should be limited for the same reason.

## I.   DISMISSAL OF THE FIRST, SECOND, AND THIRD CLAIMS

The first cause of action alleges that Fidelity discriminated against Rusk by refusing to provide reasonable accommodations for his disabilities. Fidelity contends that this claim should be dismissed because Rusk's EEOC charges did not contain any allegations that Fidelity refused to accommodate Rusk's disabilities. The court disagrees. When completing the First Charging Order, Rusk checked the box indicating that he believed he was discriminated against based on disability. Furthermore, he stated:

> I am a qualified individual with disabilities. From the time that I put my employer on notice of disabilities, although I have received accommodation, they have been slow in granting them. . . . I believe that I have been discriminated against based on my disabilities . . . .

Although Rusk did not explicitly state that Fidelity refused to accommodate his disabilities, he did indicate that he felt discriminated against because of his disabilities and that Fidelity was slow to grant accommodations. An investigation into the extent to which Fidelity did or did not accommodate Rusk's disabilities could "reasonably be expected to follow" from the charge. Given

the liberal standard by which the court construes charges, the court finds that Rusk provided enough information to the EEOC to exhaust his administrative remedies for his first cause of action.

The second cause of action alleges that Fidelity terminated Rusk in retaliation for participating in a protected activity under the ADA. Fidelity asserts that this claim should be dismissed because the EEOC was never apprised of Rusk's claim of retaliatory termination based on his disabilities. In support, Fidelity points to the Second Charging Order, which asks what the "discrimination [is] based on." Rusk checked the boxes next to "retaliation" and "religion" but neglected to check the box next to "disability." This "failure to mark a particular box creates a presumption that the charging party is not asserting claims by that box." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). "The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim." *Id.*

Fidelity argues that the text of the Second Charging Order says "nothing about the basis of his claim that his termination was related to his 'disabilities' or related conduct. Instead, Rusk's EEOC charge related to his termination was limited to 'facts' surrounding religious discrimination." But Rusk need only claim that he was retaliated against for participating in protected activity under the ADA. He does not need to claim that his termination was based on his disabilities, as Fidelity argues. In the Second Charging Order, Rusk stated, "I believe I have been retaliated against for having filed a previous EEOC charge (540-2015-01128) in violation of . . . the Americans with Disabilities Act of 1990. . . ." Fidelity argues that Rusk's cursory mention of the ADA does not clearly set forth the factual basis of his claim. However, Rusk did more than mention the ADA. He also provided the EEOC with the number for the First Charging Order. Presumably, the EEOC has the capability to look at the First Charging Order which is unmistakably

a charge of discrimination against Rusk based on his disabilities. Thus, Rusk indicated to the EEOC that he believed Fidelity retaliated against him for filing a previous EEOC charge of discrimination based on his disabilities. Furthermore, Rusk stated that he was discharged from his position at Fidelity and provided the date of his termination. The court finds that Rusk has "clearly set forth the basis of his claim" as required to rebut the presumption created by failing to check the box next to "disability." Based on the information provided to the EEOC on the Second Charging Order, an investigation into the allegations of retaliatory termination under the ADA would "reasonably be expected to follow." *Jones*, 502 F.3d at 1186. Accordingly, the second cause of action is within the scope of the EEOC's investigation, and Rusk has exhausted his administrative remedies.

The third cause of action alleges that Fidelity terminated Rusk because he did not hold or follow his employer's religious beliefs. Fidelity argues that neither of Rusk's EEOC charges provide any facts, dates, or details of allegations that Rusk was terminated because of his religious beliefs. Again, the court disagrees. Although Rusk did not explicitly state that he was terminated because of his religious beliefs, he indicated that he was discriminated against because of his religious beliefs. Rusk checked the boxes on the Second Charging Order signifying that he was retaliated against on the basis of religion, and stated, "I also believe I have been discriminated against due to my religion, Lutheran, in violation of Title VII of the Civil Rights Act of 1964, as amended." The Second Charging Order also states that Rusk was terminated on April 23, 2015. Thus, the Second Charging Order contains allegations that Rusk was discriminated against on the basis of his religion and also states that he was terminated. An investigation by the EEOC into how Fidelity discriminated against Rusk, including through his termination, would "reasonably be expected to follow." *Jones* 502 F.3d at 1186. Therefore, the court finds that the third cause of action

6

is within the scope of the EEOC's investigation and that Rusk has exhausted his administrative remedies.

## II. LIMITATIONS TO THE SCOPE OF THE FOURTH AND FIFTH CLAIMS

Fidelity argues that the fourth and fifth causes of action should be limited to include only the facts and circumstances surrounding the specific allegations provided to the EEOC. The fourth cause of action alleges that Fidelity denied Rusk promotions because he did not share the same religious beliefs of his supervisors. In the Third Amended Complaint, Rusk identifies ten instances where Fidelity denied Rusk promotions based on his religion. Fidelity argues that Rusk's EEOC charges identify only two occurrences where Rusk was denied promotion, and thus Rusk did not exhaust his administrative remedies regarding the remaining eight allegations. In the First Charging Order, Rusk states, "although I am well qualified, I have not been selected for certain positions, including, but not limited to; Health Savings Account Representative and Self Directed Brokerage role."

The court "liberally construe[s] charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." *Jones*, 502 F.3d at 1186. By listing two specific positions for which Rusk believed he was denied promotion, as well as stating, "including, but not limited to," Rusk clearly intended the list to be non-exhaustive. Accordingly, the court finds that Rusk provided the EEOC with enough facts to put all of Rusk's allegations of denied promotions within the scope of the EEOC's investigation.

Fidelity also argues that some of Rusk's ten allegations of denied promotions are time barred. "A charge under [Title VII] shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Rusk filed The First Charging Order on April 7, 2015. Rusk, therefore, concedes that allegations of denied promotions

7

that occurred prior to October 9, 2014 are time barred. Specifically, the applications for promotion in December 2013, and March 2014, are excluded from the claim except to provide background information in support of Rusk's timely claims. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

The fifth claim alleges that Rusk was terminated for opposing discriminatory employment practices by Fidelity and for participating in the filing of an EEOC charge. Fidelity argues that this cause of action should be limited to exclude Rusk's allegation that he opposed discrimination because the Second Charging Order only states that he was retaliated against for participating in the filing of a charge.

Title VII contains an opposition clause that protects an employee who "opposes any practice made an unlawful employment practice by this subchapter," and a participation clause that protects an employee who has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The two clauses are distinct under the law. *Vaughn v. Epworth Villa*, 537 F.3d 1147, 1151 (10th Cir. 2008). However, the court liberally construes charges filed with the EEOC and does not hold laypersons "to the higher standard of legal pleading by which we would review a civil complaint." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1103 (9th Cir. 2002); *Jones*, 502 F.3d at 1186. Thus, Rusk is not required to make legal distinctions between Title VII's opposition and participation clauses in the charges filed with EEOC. Moreover, because participation in the filing of an EEOC charge is reasonably related to opposition to discrimination, an investigation of Rusk's charges would reasonably include an inquiry into any opposition to discrimination that he may have engaged in by raising his concerns directly with Fidelity. *See Jones v. Runyon*, 91 F.3d 1398, 1400 (10th Cir. 1996) ("[W]hen an employee seeks judicial relief for incidents not listed in his original charge to

8

the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge . . . ." (alterations in original) (citation omitted)). Accordingly, the court finds that Rusk has exhausted his administrative remedies for his claim of retaliatory termination for opposing discrimination.

**CONCLUSION AND ORDER**

The court DENIES IN PART AND GRANTS IN PART Fidelity's motion.to dismiss. [Docket 166.] The court dismisses the portion of the fourth cause of action that seeks relief for promotions that were denied prior to October 9, 2014. The court denies Fidelity's motion to dismiss in all other respects.

**SO ORDERED** October 10, 2018.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge