# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH—CENTRAL DIVISION

| | |
|---|---|
| ZACHARY R.E. RUSK, <br><br> Plaintiff, <br><br> v. <br><br> FIDELITY BROKERAGE SERVICES LLC, <br><br> Defendant. | **ORDER OVERRULING OBJECTION TO ORDER** <br><br> Case No. 2:15-cv-00853-RJS <br><br> Chief District Judge Robert J. Shelby |

On April 30, 2019, the court held a hearing during which it informed the Plaintiff, Zachary R.E. Rusk, that his Third Amended Complaint would be dismissed as a sanction for Rusk's serious violations of an Order Limiting Contact[1] requiring him to curtail communications with counsel for the Defendant, Fidelity Brokerage Services, LLC. Rusk had violated that Order Limiting Contact by sending numerous and threatening emails to opposing counsel. Before the April 30 hearing, the court received briefing related to a Motion for Order to Show Cause why Rusk should not be sanctioned for violating the Order Limiting Contact. The briefing led the court to determine the only appropriate response to Rusk's conduct was dismissal of his claims with prejudice. Thus, soon after the April 30 hearing concluded, the court issued a Memorandum Decision and Order dismissing Rusk's Third Amended Complaint[2] and entered Judgment in Fidelity's favor.[3]

---

[1] Dkt. 36.

[2] Dkt. 266.

[3] Dkt. 267.

Now before the court is Rusk's Objection to Order[4] in which he "objects on numerous counts" to the court's Order and Judgment. The court OVERRULES these objections.

Though no Rule is cited in Rusk's Objection, the court construes it as a motion for relief under Rule 60(b), Federal Rules of Civil Procedure. This subsection of the Rule provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[5]

"Relief under subsection (b) 'is extraordinary and may only be granted in exceptional circumstances.'"[6] Those "'seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.'"[7] Relief under the Rule is "difficult to attain and is appropriate only when it offends justice to deny such relief."[8]

Rusk objects to the court's Memorandum Decision and Order and subsequent Judgment for several reasons. None are expressly couched in a manner cognizable under Rule 60(b); but

---

[4] Dkt. 271.

[5] FED. R. CIV. P. 60(b).

[6] *Davis v. Kansas Dept. of Corrections,* 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting *Amoco Oil Co. v. United States Env't. Prot. Agency,* 231 F.3d 694, 697 (10th Cir.2000) (other quotations omitted).

[7] *Id.* (quoting *Amoco*, 231 F.3d at 955).

[8] *Id.* (quoting *Zurich N. Am. v. Matrix Serv., Inc.,* 426 F.3d 1281, 1293 (10th Cir. 2005) (citation and quotations omitted).

even when liberally construed, none meet the "high hurdle" to justify relief from the Order or Judgment.[9]

First, Rusk recites details from conversations he had with a court docketing clerk immediately before and after the April 30, 2019 hearing. These personal conversations were unknown to the court when it entered its Order and Judgment, largely do not relate to the subject of the court's ruling, and—most critically—do not excuse the conduct which led the court to sanction Rusk and dismiss his action: threatening and endless communications from Rusk to Fidelity's counsel. Though Rusk suggests the conversations concerned whether he was going to voluntarily dismiss his case or appeal any adverse ruling, the conversations neither affected the court's Order nor appear to have affected Rusk's own actions. Rusk did not dismiss his case on his own volition. Rather, the court informed Rusk at the April 30 hearing that his case would be dismissed and the court issued a written decision to that effect later that same day. Concerning any appeal, Rusk may still elect to appeal the dismissal of his case—an option the court openly discussed with him at the April 30 hearing.

Second, Rusk argues the court relied in its Order on an incorrect fact—that Rusk has been in contact "for years" with a former attorney, Mr. Cullimore. The basis for the court's statement was an email from Rusk to opposing counsel dated February 12, 2019, in which Rusk stated: "Would be nice to have something to do or at least be able to get a new hobby eventually as opposed to writing you emails all day eh (I'll remind you that I have written cullimore [sic] for years now)".[10] But even if the court somehow was unable to rely on this fact, derived from

---

[9] Rusk does not specifically identify the relief he seeks.

[10] Dkt. 245-2. This email is referenced multiple times in the court's Order. (Dkt. 266.) First, on page 16 it is cited by docket number and discussed as support for the proposition that Rusk's emails showed an awareness and intent concerning his conduct. On page 17, the court discusses the email's statements regarding contact with Cullimore.

Rusk's own email, it is immaterial, as omitting it does not alter the Order's analysis. The fact was included in a part of the Order evaluating Rusk's culpability for his behavior, in a paragraph reciting Rusk's prior abuses of the legal system. The abuses recited included numerous unsuccessful cases and appeals, multiple lawsuits filed against Rusk's former attorneys and judges, and a threat Rusk made to "hack" another former attorney.[11]

Third, Rusk notes that he has provided the court with medical evidence and records documenting his mental health conditions. There is no dispute that Rusk suffers from mental health conditions, and the court acknowledged them both at the April 30 hearing and in its subsequent Order. But the issue evaluated in the court's Order was different—whether Rusk's conditions somehow excused his failure to comply with multiple court orders.[12] The court found lacking in the record any declarations or evidence providing that excuse, and instead concluded that both the content of Rusk's communications and lengthy history of his abusive litigation conduct demonstrated an awareness and intent that his conditions or changes in medication could not excuse.

Relatedly, Rusk also argues his mental condition can cause symptoms manifesting for up to several months, and faults the court for failing to order expert testimony on this issue. But the court in its Order already considered and found unpersuasive Rusk's reliance on his mental conditions as a sufficient justification for his pattern of conduct. And Rusk's decision whether to support his argument with expert testimony was his own.

Finally, Rusk contends the court failed to consider his complaints about "judicial interference" and delays in this and other cases he has filed. He claims the court's Order is

---

[11] Dkt. 266 at 16-17.

[12] *Id.* at 16.

simply a "coverup" of professional malpractice committed by attorneys acting in concert with the judges on his various cases, and emphasizes that he has informed the court of a congressional investigation he has instigated into complaints of judicial misconduct.

The court in its Order addressed the arguments Rusk made in his briefing—that the Order Limiting Contact was void due to various actions of Magistrate Judge Paul Warner. Rusk's references in his Objection to alleged delay and interference, a coverup, and a newly-begun investigation do not change the court's analysis.

Based upon the foregoing, the court OVERRULES Rusk's Objection to Order. And, if the Motion is construed as one brought pursuant to Rule 60, the court hereby DENIES it.

DATED this 22nd day of May, 2019.

BY THE COURT

Robert J. Shelby
Chief District Court Judge